UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Victor Wiley, on behalf of himself
and similarly situated employees,

    Plaintiff,

v.

Funny Time, Inc.; and
Michael Tomkovich;

    Defendants.
_____/

## COLLECTIVE WAGE-AND-HOUR COMPLAINT
## WITH REQUEST FOR JURY TRIAL

Plaintiff Victor Wiley, on behalf of himself and similarly situated employees of Defendants, through undersigned counsel, hereby avers:

## INTRODUCTION

1. Plaintiff Victor Wiley, on behalf of himself and similarly situated employees of Defendants, alleges that the Defendants, the owners and operators of "Gold Club Pompano," a gentlemen's club in Broward County, Florida, have failed to pay them all minimum wages and overtime pay owed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Mr. Wiley seeks collective action status so that similarly situated employees may also obtain the wages they are owed.

## JURISDICTION AND VENUE

2. Defendants have transacted business in the Southern District of Florida, specifically in Broward County, Florida.

3. Most of the acts complained of herein have occurred at Defendants' offices in this District, specifically at 1820 N.W. 21 Street, Pompano Beach, Florida 33069.

4. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA.

### PARTIES

6. Plaintiff, **Victor Wiley**, is a person of the full age of majority and a resident of Broward County, Florida.

7. Upon information and belief, similarly situated employees of Defendants are persons of the full age of majority and residents of Palm Beach, Broward, and Miami-Dade Counties, Florida.

8. Defendant **Funny Time, Inc.** is an active Florida Profit Corporation, authorized to do business in Florida, and at all material times herein has conducted business in Broward County, Florida, with a principal address of 1820 N.W. 21 Street, Pompano Beach, Florida 33069.

9. At all material times herein, Funny Time, Inc. has conducted business in this District under the name of "Gold Club Pompano."

10. At all material times herein, Funny Time, Inc. has operated the business in which Plaintiff and similarly situated employees worked.

11. At all material times herein, Funny Time, Inc. has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's and similarly situated employees' employment, and hence has been their employer under the FLSA.

12. At all material times herein, Funny Time, Inc. has had annual gross receipts exceeding $500,000.

13. At all material times herein, Funny Time, Inc. has employed one or more employees engaged in commerce pursuant to the FLSA.

14. At all relevant times herein, Defendant **Michael Tomkovich** has managed and directed the operations of Funny Time, Inc., has controlled the terms and conditions of Plaintiff's and similarly situated employees' employment, has acted as the company's president, secretary, and treasurer, and hence has been their employer pursuant to the FLSA.

15. At all relevant times herein, all Defendants have jointly operated and managed the business in which Plaintiff and similarly situated employees have worked, and hence are their "employers" and/or "joint employers" under the FLSA.

## CLASS DEFINITION

16. Plaintiff brings this collection action for himself and for the benefit of all similarly situated persons.

17. "Similarly situated persons" means all persons who, at any time between October 2, 2018 and October 2, 2020, performed any work for the benefit of Funny Time, Inc., at 1820 N.W. 21 Street, Pompano Beach, Florida 33069--including cooks, chefs, servers/waiters, bartenders/bar workers, dancers/performers, dishwashers, and janitors, but excluding owners, officers, directors, and managers.

## FACTS

18. Defendants' website identifies their business as "Pompano Gold Club," "Gold Club Pompano," and "Gold Club Pompano Beach."

19. Defendant's paychecks identify their business as "Funny Times Inc."

20. On sunbiz.org, the official website for the Division of Corporations, State of Florida, the business is identified as "Funny Time, Inc."

21. Defendants employed Plaintiff as chef from approximately November 2019 through March 2020.

22. Defendants employed similarly situated employees of Defendants as cooks, chefs, servers/waiters, bartenders/bar workers, dancers/performers, dishwashers, and janitors, from October 2, 2018 through October 2, 2020.

23. Plaintiff and similarly situated employees frequently worked in excess of 40 hours per workweek, but were not paid "time and a half" for all hours over 40.

24. Plaintiff and similarly situated employees frequently worked hours for which they received no compensation.

25. Plaintiff was generally paid $18 per hour but did not receive overtime compensation even though he frequently worked over 40 hours a week.

26. At various times he was paid nothing for his work.

27. Plaintiff was never paid his last required paycheck for approximately two days of work.

28. By failing to reimbursement Plaintiff for approximately $630 in purchases for the restaurant, Defendants underpaid him wages during that pay period as well.

### COUNT 1 OF 4:
### MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT;
### ALL PLAINTIFFS VERSUS FUNNY TIME, INC.

29. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-28 as if fully set forth herein.

30. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, particularly Section 6 thereof, 29 U.S.C. § 206, Defendant Funny Time, Inc. was required to pay Plaintiff and similarly situated employees, minimum wages for all hours worked.

31. Plaintiff and similarly situated employees regularly worked hours for which they were not compensated, in violation of the minimum wage provisions of the FLSA.

32. Defendant's violations of the FLSA were reckless or intentional.

33. Plaintiff and similarly situated employees are entitled to all damages in the premises from Defendant, and request that judgment be entered in their favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

34. Plaintiff, for himself and similarly situated employees, demand a jury trial for all issues so triable.

## COUNT 2 OF 4:
## MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT;
## ALL PLAINTIFFS VERSUS MICHAEL TOMKOVICH

35. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-28 as if fully set forth herein.

36. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, particularly Section 6 thereof, 29 U.S.C. § 206, Defendant Michael Tomkovich was required to pay Plaintiff and similarly situated employees, minimum wages for all hours worked.

37. Plaintiff and similarly situated employees regularly worked hours for which they were not compensated, in violation of the minimum wage provisions of the FLSA.

38. Defendant's violations of the FLSA were reckless or intentional.

39. Plaintiff and similarly situated employees are entitled to all damages in the premises from Defendant, and request that judgment be entered in their favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

40. Plaintiff, for himself and similarly situated employees, demand a jury trial for all issues so triable.

## COUNT 3 OF 4:
## OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;
## ALL PLAINTIFFS VERSUS FUNNY TIME, INC.

41. Plaintiffs re-allege and re-aver the allegations of paragraphs 1-28 as if fully set forth herein.

42. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant Funny Time Inc. was required to pay Plaintiffs overtime compensation for all hours over 40 in a workweek.

43. Plaintiffs regularly worked overtime hours for which they were not compensated, in violation of the overtime pay provisions of the FLSA.

44. Plaintiffs regularly worked over 40 hours during workweeks, without being paid all overtime pay to which they were entitled.

45. Defendant's violations of the FLSA were reckless or intentional.

46. Plaintiffs are entitled to all damages in the premises from Defendant, and request that judgment be entered in their favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

47. Plaintiff, for himself and similarly situated employees, demands demand a jury trial for all issues so triable.

## COUNT 4 OF 4:
## OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;
## ALL PLAINTIFFS VERSUS MICHAEL TOMKOVICH

48. Plaintiffs re-allege and re-aver the allegations of paragraphs 1-28 as if fully set forth herein.

49. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant Michael Tomkovich was required to pay Plaintiffs overtime compensation for all hours over 40 in a workweek.

50. Plaintiffs regularly worked overtime hours for which they were not compensated, in violation of the overtime pay provisions of the FLSA.

51. Plaintiffs regularly worked over 40 hours during workweeks, without being paid all overtime pay to which they were entitled.

52. Defendant's violations of the FLSA were reckless or intentional.

53. Plaintiffs are entitled to all damages in the premises from Defendant, and request that judgment be entered in their favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

54. Plaintiff, for himself and similarly situated employees, demands demand a jury trial for all issues so triable.

\* \* \*

55. WHEREFORE, Plaintiff, Victor Wiley, on behalf of himself and similarly situated employees of Defendants, prays that judgment be rendered in their favor for all damages in the premises, including minimum wages and overtime pay, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and expenses, against Defendants Funny Time, Inc. and Michael Tomkovich, jointly and severally.

Respectfully submitted:

s/ Steven F. Grover
--------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
3200 SE 12 St.
Pompano Beach FL 33062
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com